UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PARKLAND VENTURE, LLC, ARTHUR D. DYER,
NORMAN C. DYER, JR., WILLIAM FINK, D.D.S.,
VALERIE A. ESLER, and KIM M. ELLIS,

      Plaintiffs,

  v.                                     Case No. 09-C-972

THE CITY OF MUSKEGO, THE CITY OF
MUSKEGO COMMUNITY DEVELOPMENT
AUTHORITY, FRANK F. WALTZ,
DOMONIC R. D'ACQUISTO, MARK A.
SLOCOMB, DAVID L. DE ANGELIS,
JOHN R. JOHNSON, INSURANCE COMPANY
OF THE STATE OF PENNSYLVANIA and
GREAT AMERICAN INSURANCE COMPANY,

      Defendants.

**ORDER RE: PLAINTIFFS' MOTION SEEKING ORDER FROM COURT TO COMPEL CITY OF MUSKEGO DEFENDANTS TO PROVIDE WITNESSES WITH COPIES OF THEIR DEPOSITION TRANSCRIPTS FOR REVIEW PER FRCP 30(e) AND MOTION TO EXPAND 30 DAY TIME FOR INSPECTION**

      Currently pending before the court is the plaintiffs' motion seeking an order to compel the defendants to provide witnesses with copies of their deposition transcripts so that they might review them pursuant to Rule 30(e)(1) of the Federal Rules of Civil Procedure. The plaintiffs also seek an order enlarging the 30-day time frame for review by having such time frame commence upon the witnesses' receipt of the transcripts. At its heart, the plaintiffs' motion is predicated on the notion that the witnesses should not be required to travel to the court reporter's office to review the transcripts; instead the court reporter should send each witness a copy of their transcript. The motion to compel

will be denied.

Fed. R. Civ. P. 30(e)(1) reads as follows:

(1) On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

The rule is not clear about how the court reporter (officer) is to make the transcript "available" to the deponent. Does it mean that the deponent must be mailed a copy? Or does it mean, as was done here, that the court reporter is to advise the deponent the hours when he may come to the office of the court reporter to review the transcript? Unfortunately, the parties have not presented any case law discussing what "available" means in the context of the current version of Rule 30(e)(1) and this court has been unable to find any itself.

However, the court has found at least one case somewhat on point, although it dealt with a prior version of Rule 30(e).

In *Johnson v. Alcan Aluminum Corporation*, 106 F.R.D. 314 (N.D. Ga. 1979), the defendant deposed the plaintiff in the office of his counsel. *Id.* The plaintiff reserved the right to review and sign the deposition. *Id.* The defendant ordered a copy of the transcript, but the plaintiff did not. *Id.* A controversy arose between the plaintiff and the court reporter who transcribed his testimony with respect to the procedure which they were to follow in submitting the transcript to the plaintiff for his review and signature. *Id.* The court reporter requested the plaintiff to come by her office, with or without counsel, to read and sign the transcript. *Id.* The plaintiff, however, refused and maintained that

2

he would not consider the transcript to be "submitted" under Rule 30(e), unless and until such time as it was received in the offices of his counsel. *Id*. The court reporter refused to submit the transcript to the plaintiff anywhere other than her own office. *Id*.

The court in *Johnson* noted that the word "submitted' in the then-applicable Rule 30(e) "nowhere specifies the manner in which (or where) the transcript must be 'submitted' to the plaintiff." *Johnson*, 106 F.R.D. at 314. Nor did any of the case law submitted to that court require that the transcript be presented to the plaintiff at his counsel's office in order to be in compliance with Rule 30(e). *Id*. Thus, the court found that "the court reporter ha[d] adequately 'submitted' the transcript to the plaintiff under Rule 30(e)." *Id*.

Under the current rule, the word "submitted" is not used. Instead, the operative language in the current rule involves notifying the deponent that the transcript is "available" for reviewing. In my opinion, if the word "submitted" under the prior rule did not require the deponent to be provided a copy for review outside the offices of the court reporter, the current rule's language likewise does not. Indeed, making something "available" connotes taking less affirmative action on the part of the court reporter than does the word "submit." Thus, I find that the court reporter in this action has complied with Rule 30(e)(1) by requesting that the deponents come to her office to review the transcripts of their depositions.

Further, it makes sense for the court reporter to require such action on the part of the deponents. Maintaining the original transcript in her office and not sending copies protects the court reporter's entitlement to "reasonable charges" for providing a copy of the transcript "to any party or the deponent," pursuant to Rule 30(f)(3).

Moreover, the defendants do not have any obligation to pay for the deponents to receive a copy

3

of their deposition transcripts. If the witnesses want to purchase a copy from the court reporter, they may do so.

In conclusion, the plaintiffs' motion to compel the defendants to provide witnesses with copies of their deposition transcripts will be denied.

Turning to the second part of the plaintiffs' motion, attached to the plaintiffs' motion are copies of four letters addressed to plaintiffs' counsel dated September 1, 2010, September 2, 2010, September 17, 2010, and September 20, 2010. These letters advise counsel that the deposition transcripts for the various identified witness are ready for review. In other words, the thirty-day time limit for review commenced on the above-listed dates.

Obviously, thirty days from September 1st and 2nd have now come and gone, today being October 7, 2010. The thirty day period has not yet expired for the witnesses identified in the letters of September 17th and September 20th. Some consistency should be attempted, however. Accordingly, the court will grant to the witnesses identified in those letters an additional period of time so that they might review their deposition transcripts. More precisely, Alex C. Pearsall, Arthur J. Sullivan, Valerie A. Esler, Thomas M. Chiconas, Wendy Reinboldt-Diewald, Nancy Sylvester, and Mark F. Pfaller, II, AIA, shall be granted until November 6, 2010 (30 days from today) to review their transcripts.

This additional time for review obviously has an impact on the scheduling order issued by this court on September 30, 2010. Therefore, the schedule will be amended accordingly.

**IT IS HEREBY ORDERED:**

1.	The plaintiffs' motion to compel the defendants to provide witnesses with copies of their deposition transcript is denied.

2.	The plaintiffs' motion to expand the 30 day inspection period is granted in part and

denied in part. The witnesses listed above may review their transcript on or before November 6, 2010 at the office of the court reporter.

3. The defendants shall file their response to plaintiffs' Motion for Partial Summary Judgment on or before November 23, 2010.

4. The defendants shall disclose all expert witnesses (including in-house experts), in accordance with Fed. R. Civ. P. 26(a)(2) and Civil L.R. 26(b) on or before November 23, 2010.

5. The parties shall complete all discovery in accordance with Civil L.R. 26(c) on or before February 15, 2011.

6. All dispositive motions, together with briefs, are to be filed in accordance with Civil L.R. 56 on or before March 15, 2011. In all cases, including those which have been designated for electronic filing, counsel shall provide paper copies of all dispositive motions, such as motions for summary judgment and motions to dismiss, along with supporting documentation directly to the judge's chambers. Such copies are to be clearly marked "COPY" on the first page of each document submitted. In addition, the parties are hereby directed to either file a 3.5" IBM-compatible disk or CD containing proposed findings of fact and any responses thereto, as called for under Civil L.R. 56, or, in the alternative, to e-mail the proposed findings of fact and responses thereto in Word Perfect or Word format to CallahanPO@wied.uscourts.gov.

7. A scheduling conference will be conducted on March 28, 2011 at 9:00 a.m., in Room 242 of the U.S. Courthouse, 517 E. Wisconsin Avenue, Milwaukee, WI 53202. If there are unresolved motions at that time, the scheduling conference will be cancelled.

**SO ORDERED** this 7th day of October 2010 at Milwaukee, Wisconsin.

BY THE COURT:

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge