UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PARKLAND VENTURE, LLC, et al.,

      Plaintiffs,

      v.                                          Case No. 09-C-0972

THE CITY OF MUSKEGO, et al.,

      Defendants.

**ORDER RE: PLAINTIFFS' CIVIL L.R. 7(h) NON-DISPOSITIVE MOTION FOR PROTECTIVE ORDER**

On November 12, 2010, the plaintiffs filed a Civil L.R. 7(h) expedited non-dispositive motion seeking an order quashing: (1) the amended notice of deposition of Art Dyer as to the (a) "video taping aspect" of such notice and (b) "as to the length of time (i.e., no more than 1 additional day of 7 hours for all of the defendants to question this witness)." (Pls.' Mot. at 1, 3.) The plaintiffs also seek an order limiting "the City of Muskego from taking any further depositions of Real Estate Law Expert Martin Greenberg or Realtor Expert Arthur Dyer without prepayment of these experts fees for opinion testimony at deposition pursuant to FRCP 26(b)(4)(C)." (Pls.' Mot. at 4.)

On November 12, 2010, defendant City of Muskego filed a response. The City opposes the plaintiffs' motion on several fronts. First, it argues that Mr. Dyer has, as least so far, only been deposed for 5 ½ hours. Therefore, the plaintiffs' motion, at least to the extent that it seeks a limit to the length of Mr. Dyer's deposition, is premature. Second, the City maintains that it is entitled to take a video deposition of the remainder of Mr. Dyer's deposition, having given notice that it intends to do so. Finally, the City maintains that it should not be required to pay in advance the plaintiffs' expert

deposition witness fees.

To begin, the plaintiffs' written submission seems to not strictly comply with Civil L.R. 7(h). The rule provides, *inter alia*, that " (2) [t]he motion must contain the material facts, argument, and, if necessary, counsel's certification pursuant to Civil L.R. 37. The motion must not exceed 3 pages excluding any caption and signature block." The plaintiffs' motion, not including the caption page and signature block, is 4 pages in length. Be that as it may, the court will address and rule on the plaintiffs' motion.

First of all, the plaintiffs' motion to quash "the video tape aspect" of the amended notice of deposition of Art Dyer will be denied. Indeed, the plaintiffs offer no legal support for such motion, except to argue that "[a] partial videotape may lead to selective use [and] [t]he City may be re-asking key questions so there can be a video answer which may in essence require repeating a significant portion of the deposition questioning which has already been taken." (Pls.' Br. at 3.) Should the defendants attempt in the future to use the videotape portion of the deposition in an improper fashion, as the plaintiffs fear, there is time enough to deal with that problem. Furthermore, should the defendants attempt during the future videotape portion of the deposition to re-ask questions that were already asked and answered, the plaintiffs certainly retain the right to object to such being done and to ask the court for appropriate relief. But, that has not yet occurred.

Similarly, as the court understands the situation, Mr. Dyer's deposition has been conducted for one day, so far. According to the plaintiffs, he has been deposed for the 7 hours allotted in Fed. R. Civ. P. 30(d)(1). According to the City, he has been deposed for only 5 ½ hours. Regardless, perhaps in

acknowledgment of Mr. Dyer's central role in this 7-defendant case (from a factual standpoint[1]) as well as his being designated as an expert witness for the plaintiffs, the plaintiffs do not oppose Mr. Dyer's being deposed for an additional 7-hour day. The plaintiffs' motion to limit Mr. Dyer's deposition to <u>only</u> one additional 7-hour day will be denied without prejudice.

Given the information set forth in Attorney Cerjak's letter, whether a second 7-hour day will be sufficient to reasonably complete Mr. Dyer's deposition remains to be seen. But that is a matter that does not need to be decided today. It is enough to say that the defendants will be allowed to proceed with Mr. Dyer's deposition for at least one additional 7-hour day. That having been said, I trust that the parties will make good use of this second day, meaning that the defendants will not re-plow old ground and that Mr. Dyer will be responsive to the questions asked. The sooner that discovery is completed, the sooner the defendants will be able to file their responses to the plaintiffs' motion for summary judgment, and the sooner the court will be able to direct its attention to deciding such motion.

---

[1] Indeed, the court notes the following information that is set forth in the letter of November 12, 2010 that was filed by counsel for defendant Insurance Company of the State of Pennsylvania (ISOP):

> In its Complaint, Parkland Venture alleges thirteen claims based on actions and incidents that occurred between 1997 and 2010. Over those thirteen years, Parkland claims that City of Muskego officials continuously, repeatedly, and tortiously interfered with the development of valuable land that it owns in the City, that regulations that the City allegedly imposed with respect to the development of the land were so oppressive as to constitute a regulatory taking, and that the actions of City officials during that time violated provisions of both the state and federal constitutions. Since he solely managed Parkland Venture's affairs during the thirteen years material to this litigation, Dyer is the person who will provide much of, if not all, the testimony to substantiate Parkland Venture's factual allegations in this case. And, in addition to providing the factual basis for Parkland Venture's allegations in this case, Dyer also plans to offer expert opinion testimony – summarized in a 52-page report – with respect to the amount of damages that Parkland Venture has allegedly sustained as a result of the City's actions.

(Cerjak Ltr. at 1-2.)

The plaintiffs also seek an order requiring the defendants to pay reasonable fees to the plaintiffs' experts in advance of taking their depositions. That motion will be denied.

To be sure, Fed. R. Civ. P. 26(b)(4)(C) provides in relevant part that "[u]nless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery." However, as noted by the court in *Harris v. Costco Wholesale Corp.*, 226 F.R.D. 675 (S.D. Cal. 2005),

> The rule *does not* state . . . that the expert's fees must be paid in advance of the deposition absent agreement to do so. To the contrary, "[u]nlike ordinary witness fees, no rule requires that an opposing expert's deposition fees be tendered to the witness in advance."

226 F.R.D. at 676 (emphasis in original; internal citations omitted).

Perhaps upon the completion of the plaintiffs' expert witnesses' testimony, the plaintiffs will bring a motion to compel payment of reasonable expert witness fees if the parties cannot agree to reasonable fees. Then, if called upon to do so, the court will need to determine whether the amount requested is reasonable or excessive. *See Underhill Inv. Corp. v. Fixed Income Discount Advisory Co.*, 540 F. Supp. 2d 528, 539-540 (D. Del. 2008).

There is one final matter to address. Under the currently operative court-imposed schedule, the defendants' deadline for filing their responses to the plaintiffs' motion for partial summary judgment and for disclosing their expert witnesses is November 23, 2010. Given their inability to complete Mr. Dyer's deposition to date, the defendants ask that they be given until 21 days after the completion of Mr. Dyer's deposition by which to file their responses and by which to disclose their experts in accordance with Fed. R. Civ. P. 26(a)(2) and Civil L.R. 26(b).

The problem with the defendants' proposal is that it is not at all clear when Mr. Dyer's deposition

4

(both as a fact witness and as an expert) will be completed, thereby rendering any deadline a moving target. So, I will reject the defendants' proposal. Instead, the defendants will be granted a date certain by which to file their responses to the plaintiffs' motion for partial summary judgment and by which to disclose their expert witnesses. That date is January 7, 2011. All other dates set forth in paragraphs 5, 6 and 7 of this court's order of October 7, 2010, shall remain in effect.

**NOW THEREFORE IT IS ORDERED** that the plaintiffs' motion to quash the video tapes aspect of the amended notice of deposition of Art Dyer be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiffs' motion to limit Art Dyer's deposition to only one additional 7-hour day be and hereby is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that the plaintiffs' motion for defendants to pay reasonable fees to the plaintiffs' experts in advance of taking their depositions be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the defendants shall file their responses to the plaintiffs' motion for partial summary judgment and disclose their expert witnesses on or before January 7, 2011.

**IT IS FURTHER ORDERED** that all other dates set forth in paragraphs 5, 6 and 7 of this court's order of October 7, 2010, shall remain in effect.

**SO ORDERED** this 15th day of November, 2010, at Milwaukee, Wisconsin.

BY THE COURT:

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

5